WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell Lee Frigon,<br><br>Plaintiff,<br><br>v.<br><br>Acting Commissioner of the Social Security Administration,<br><br>Defendant. | No. CV-18-1544-PHX-ESW<br><br>**ORDER** |

Pending before the Court is Russell Lee Frigon's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of his application for disability insurance benefits. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 7).

After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 10, 14, 15), the Court finds that the Administrative Law Judge's ("ALJ") decision

is supported by substantial evidence and is free of harmful legal error. The decision is therefore affirmed.

## I. BACKGROUND

Plaintiff, who was born in 1963, has experience working as a hair stylist and retail store manager. (A.R. 67, 93). Plaintiff's application for disability insurance benefits alleged that on May 15, 2011, he became unable to work due to human immunodeficiency virus ("HIV"), back injury/back pain, arthritis, and depression. (A.R. 93). Social Security denied the application. (A.R. 127-30). In November 2012, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 132-34). Plaintiff sought further review by an ALJ, who conducted a hearing in October 2013. (A.R. 36-91).

In a October 31, 2013 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 18-35). The Appeals Council denied Plaintiff's request for review. (A.R. 1-6). On February 12, 2015, Plaintiff filed a Complaint in the U.S. District Court for the District of Arizona seeking judicial review and reversal of the ALJ's decision. Case No. CV-15-00269-PHX-DGC, Doc. 1. Plaintiff argued that the ALJ (i) improperly rejected the medical opinions of Drs. Thanes Vanig, Drew Kovach, and Brent Geary and (ii) erroneously failed to consider Reiter's Syndrome as a severe impairment. (A.R. 1144-45). The assigned District Judge ruled that because the ALJ's decision "is generally supported by substantial evidence and not based on legal error, the decision will be generally affirmed." (A.R. 1142). The District Judge remanded the matter for further proceedings to address Dr. Vanig's opinion concerning Plaintiff's alleged fatigue. (A.R. 1150).

On remand, the matter was assigned to a different ALJ, who held a second administrative hearing in March 2016. (A.R. 1070-1106). In an October 2016 decision, the ALJ determined that Plaintiff is capable of performing his past relevant work. (A.R. 1051-63). The Appeals Council denied review, and Plaintiff filed the instant action.

## II. LEGAL STANDARDS

### A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id*.

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. § 404.1520(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.
>
> **Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

> presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.
>
> **Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

> **Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. § 404.1520(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id*.

**B. Standard of Review Applicable to ALJ's Determination**

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). "Substantial evidence" is less than a preponderance, but more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient

---

[2] *Parra*, 481 F.3d at 746.

- 4 -

evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Finally, the Court considers the harmless error doctrine when reviewing an ALJ's decision. An ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

### C. Law of the Case and Rule of Mandate Doctrines

In *Stacy v. Colvin*, 825 F.3d 563, 566 (9th Cir. 2016), the Ninth Circuit explained that "the law of the case doctrine and the rule of mandate apply to social security administrative remands from federal court in the same way they would apply to any other case."

"The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Id.* at 567 (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)). Application of the doctrine by a court "is discretionary, not mandatory." *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991). However, the Ninth Circuit has identified only five circumstances under which a court may depart from the law of the case: "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *United States v. Alexander*, 106 F.3d

874, 876 (9th Cir. 1997). "Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion." *Id.* (citations omitted).

"The rule of mandate is similar to, but broader than, the law of the case doctrine." *Stacy*, 825 F.3d at 567-68 (quoting *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995)). Under the rule of mandate, a lower court receiving a mandate "cannot vary it or examine it for any other purpose than execution." *Cote*, 51 F.3d at 181 (citation omitted). The Ninth Circuit explained that a "remand order must be read holistically." *Stacy*, 825 F.3d at 568. Thus, the Court found lower courts are permitted "to reexamine any issue on remand that is not inconsistent with the mandate." *Id.* Where a remand order does not "restrict" an ALJ to address only a specific deficiency, an ALJ may be permitted to review other findings related to a claimant's application. *See id.*

## III. DISCUSSION

### A. The ALJ Provided Valid Reasons for Discounting Thanes Vanig, M.D.'s Opinions Concerning Plaintiff's Alleged Fatigue

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons that are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id.* at 830-31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining physician's opinion in favor of another physician's opinion without first providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *see also Batson*, 359 F.3d at 1195; *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1041 (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

On July 16, 2012, Plaintiff's treating physician, Thanes Vanig, M.D., completed a "Medical Report on Adult with Allegation of Human Immunodeficiency Virus (HIV) Infection" (the "Medical Report"). (A.R. 966-68). The Medical Report states that Plaintiff suffers from daily diarrhea and fatigue, which are manifestations of Plaintiff's HIV. (A.R. 968).

In his Order concerning Plaintiff's judicial appeal of the first ALJ's October 2013 decision, the District Judge found that the ALJ provided clear and convincing reasons for rejecting Dr. Vanig's opinion regarding Plaintiff's alleged diarrhea. (A.R. 1149-50). The District Judge noted that the October 2013 decision failed to address Dr. Vanig's opinion regarding Plaintiff's alleged fatigue. (A.R. 1150). The District Judge remanded the matter for further proceedings to address that opinion. (*Id.*).

On remand, the second ALJ gave Dr. Vanig's opinion concerning Plaintiff's alleged fatigue little weight. (A.R. 1060). The ALJ observed that in several treatment records, Dr. Vanig noted that Plaintiff was negative for fatigue. (*Id.*). The ALJ also accurately observes that Dr. Vanig's records do not provide a "description of the fatigue or how it was affecting the claimant." (*Id.*). Although the Medical Report notes that Plaintiff has "marked restriction" of activities of daily living, "marked difficulties" in maintaining social functioning, and "marked difficulties" in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace, the Medical Report does not state that these limitations are a result of fatigue. (A.R. 968). The Court finds that the ALJ has provided legally valid reasons supported by substantial evidence in the record for discounting Dr. Vanig's opinion concerning Plaintiff's alleged fatigue.

**B. The ALJ Did Not Err With Respect to the Opinion of Brent Geary, Ph.D.**

Consulting psychologist Brent Geary, Ph.D. provided a "Psychological/Psychiatric Medical Source Statement" that opined that Plaintiff's "mental energy and stamina are considerably decreased. He would require frequent breaks. His pace is also slowed, so he would tend to fall behind in execution of duties." (A.R. 915). The first ALJ gave Dr. Geary's opinions little weight. (A.R. 27). Plaintiff challenged this determination in his

first judicial appeal. The assigned District Judge rejected Plaintiff's challenge, finding that the ALJ provided a clear and convincing reason for giving Dr. Geary's opinions little weight. (A.R. 1151).

On remand, the second ALJ gave Dr. Geary's assessment "significant weight." (A.R. 1062). Plaintiff asserts that the RFC determination does not reflect Dr. Geary's opined limitations. (Doc. 10 at 14). Because the Court previously decided that the ALJ did not erroneously weigh Dr. Geary's opinions, it is arguable that the law of the case and rule of mandate doctrines preclude the Court from revisiting that issue in the instant action. However, even if the doctrines do not apply, the following explains that Plaintiff's argument is without merit.

It is well-settled that the ALJ, not the Court, is responsible for resolving conflicts, ambiguity, and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews*, 53 F.3d at 1039. This includes interpreting terms and phrases used by physicians in their opinions. For example, in *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995), a claimant's treating physician opined that the claimant could perform a "sedentary type job." The ALJ concluded that the physician did not use the term to mean "sedentary work" as defined by Social Security regulations. *Id.* The ALJ assessed that the claimant could perform file clerk work, which Social Security regulations define as "light work." *Id.* at 751. On appeal, the claimant attached a letter from the physician, which stated that the physician intended to use the term "sedentary" within the regulations' technical meaning. *Id.* The Ninth Circuit Court of Appeals agreed with the ALJ's interpretation of the physician's opinion as there "was no evidence at all before the ALJ" to indicate that the physician meant that the claimant could only perform "sedentary work" as defined by Social Security regulations. *Id.* at 750. The Court also refused to remand the case for consideration of the physician's newly-submitted letter as the claimant did not establish good cause for failing to submit the evidence during the administrative proceedings. *Id.* at 751. Finding that substantial evidence supported the ALJ's conclusions, the Court affirmed the ALJ's decision. *Id.*

Here, like in *Orteza*, there was no evidence before the ALJ as to Dr. Geary's intended meanings of the terminology used in his opinions. Plaintiff has the burden of proof at step four of the disability analysis. That is, Plaintiff is ultimately responsible for providing the evidence to be used in making the RFC finding. *Andrews v. Shalala*, 53 F.3d 1035, 1040 (9th Cir. 1995) (a claimant bears the burden of proving entitlement to disability benefits). Plaintiff could have requested that Dr. Geary answer interrogatories or be subpoenaed at a hearing to clarify his opinions, but Plaintiff did not.[3] The ALJ's decision states that Dr. Geary's opinions are accommodated "in the form of additional time off task." (A.R. 1062). The RFC determination provides that Plaintiff would be off task five percent of the workday. (A.R. 1055). The Court finds that the ALJ's interpretation of Dr. Geary's opinions is rational and must be upheld. *See Morgan*, 169 F.3d at 599.

### C. The ALJ Provided Specific, Clear, and Convincing Reasons for Discounting Plaintiff's Testimony

When evaluating the credibility of a plaintiff's testimony regarding subjective pain or symptoms, the ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). In the first step, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The plaintiff does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms. Rather,

---

[3] Any argument that the case should be remanded for a determination of Dr. Geary's intended meanings of the terminology used in his opinions has been waived. *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) (at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal); *Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009) (deeming argument not made in disability claimant's Opening Brief waived). The ALJ, rather than the Court, was in the optimal position to resolve any ambiguities in statements made in Dr. Geary's report. *See Meanel*, 172 F.3d at 1115. The Court does not find that manifest injustice would occur in deeming the argument waived. *Id.* (failure to comply with waiver rule is only excused when necessary to avoid manifest injustice).

a plaintiff must only show that it could have caused some degree of the symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

If a plaintiff meets the first step, and there is no affirmative evidence of malingering, the ALJ can only reject a plaintiff's testimony about the severity of his or her symptoms by offering specific, clear, and convincing reasons. *Lingenfelter*, 504 F.3d at 1036. The ALJ cannot rely on general findings. The ALJ must identify specifically what testimony is not credible and what evidence undermines the plaintiff's complaints. *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). In weighing a plaintiff's credibility, the ALJ can consider many factors including: a plaintiff's reputation for truthfulness, prior inconsistent statements concerning the symptoms, unexplained or inadequately explained failure to seek treatment, and the plaintiff's daily activities. *Smolen*, 80 F.3d at 1284; *see also* 20 C.F.R. § 404.1529(c)(4) (Social Security must consider whether there are conflicts between a claimant's statements and the rest of the evidence).

Plaintiff erroneously asserts that the ALJ failed to make a finding of whether the objective evidence could reasonably produce Plaintiff's symptoms. (Doc. 10 at 16; Doc. 15 at 7). The ALJ's decision states:
> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(A.R. 1057). The ALJ's decision recounts Plaintiff's testimony that he suffers from severe fatigue. (A.R. 1056). The ALJ observed that Plaintiff was "unable to give a specific example of how fatigue affected his concentration in 2011 and 2012 during questioning at the hearing." (*Id.*). In explaining why she did not find Plaintiff's testimony credible, the ALJ stated that Plaintiff has "engaged in a somewhat normal level

of daily activities and interaction[.]" (*Id.*). The ALJ then recounted Plaintiff's reported activities. (A.R. 1056-57). The ALJ concluded that Plaintiff's activities

> reflect a significant functional capacity and not an individual unable to sustain regular and continuing work due to medically determinable impairments. It appears that despite his impairment and complaints of fatigue, he has engaged in a rather normal level of daily activity and interaction. It should be noted that the physical and mental capabilities requisite to performing many of the tasks described above as well as the social interactions replicate those necessary for obtaining and maintaining employment.

(A.R. 1057). It is possible that a different ALJ would find Plaintiff's symptom testimony credible. But it is not the Court's role to second guess an ALJ's decision to disbelieve a Plaintiff's allegations. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("An ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ."). Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld. *Morgan*, 169 F.3d at 599. The Court finds that the reasons provided by the ALJ for discrediting Plaintiff's testimony are specific, clear, convincing, and are supported by substantial evidence in the record. The Court therefore finds that the ALJ did not err in discrediting Plaintiff's subjective testimony. *See Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990) (upholding denial of disability benefits where claimant could "take care of her personal needs, prepare easy meals, do light housework, and shop for some groceries"); *see also Molina*, 674 F.3d at 1113 ("Even where [daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").

### IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** affirming the decision of the Commissioner of Social Security.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 8th day of July, 2019.

_____
Eileen S. Willett
United States Magistrate Judge